# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JEB-MICHAEL HARMON** | ) | |
| **4201 Massachusetts Ave., NW** | ) | |
| **Apartment 6012E** | ) | |
| **Washington DC, 20016** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. cv: 14-1926** |
| | ) | |
| **UNITED STATES ENVIRONMENTAL** | ) | |
| **PROTECTION AGENCY** | ) | |
| **1200 Pennsylvania Avenue, NW** | ) | |
| **Washington DC 20460** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DECLARATORY RELIEF AND
## RELIEF IN THE FORM OF MANDAMUS

Plaintiff Jeb-Michael Harmon, for his complaint against Defendant United States

Environmental Protection Agency ("EPA" or "the Agency"), alleges through counsel the

Free Market Environmental Law Clinic as follows:

1)      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552,

to compel production under a request for certain EPA records reflecting discussions

with or from two EPA officials who public records indicate worked closely with

environmentalist pressure groups and had material, influential roles in developing

EPA policies, decisions and actions.

2)      In a FOIA request dated June 10, 2014, Plaintiff Harmon (hereinafter "Plaintiff")

requested certain described records referencing greenhouse gases (GHGs) and sent to or from Michael Goo and Alex Barron, past and current EPA officials, respectively. Plaintiff sought a fee waiver for this request on the grounds that the information was of significant public interest and that he intended to disseminate this information.

3) These two EPA officials, and their involvement with outside lobbyists in developing significant EPA regulatory policy, are the subjects of heightened public interest.  Goo is the former Associate Administrator for EPA's Office of Policy and prior to this position he was a legislative director for the Natural Resources Defense Council.  Alex Barron is the current Deputy Associate Administrator for the EPA's Office of Policy and he has prior experience working on environment issues for political offices in the U.S. House of Representatives and Senate.

4) For example, the public record reveals that a Sierra Club lobbyist and regular correspondent of Mr. Barron sent Barron a list of proposed coal-fired power plants the Sierra Club wanted to ensure did not come on line, urging EPA to draft its GHG regulation stringent enough to keep these identified facilities as "zombie's" (sic) as opposed to regulations "that these plants could meet"; Mr. Barron then forwarded this to Mr. Goo, and Goo's assistant requested a printout of the spreadsheet of plants "3 hole punched" for inclusion in EPA briefing materials.  Further information relating to such interactions and interventions is of great public interest.

2

5) Despite EPA's statutory obligation to provide an estimate of potential responsive documents and fees, and despite a courtesy reminder by Plaintiff seeking the statutorily required estimates, defendant EPA has produced no responsive records, and provided no substantive response to Plaintiff's request.

6) Defendant instead frustrated Plaintiff's request by denying Plaintiff's request for a fee waiver, demanding that Plaintiff agree to pay an unknown amount fees before Defendant would conduct its search by failing to provide the required fee estimate for Plaintiff to agree to or appeal, despite a specific follow-up request for same.

7) As a result of this refusal, which now has lasted five months, and pursuant to 5 U.S.C. §552(a)(4)(A)(v)&(viii), Plaintiff has no need to pursue further administrative remedies.

8) Also as a result of this refusal, Defendant EPA has constructively denied Plaintiff's request for documents without a proper legal basis, leaving Plaintiff no recourse but this lawsuit asking this Court to compel EPA to produce responsive records.

## PARTIES

9) Plaintiff is student at American University Washington College of Law, with no commercial interest in the material, who is interested in writing on regulatory policy issues on behalf of the public interest and in the scholarly pursuit of better explaining to the public the regulatory process.

10) Defendant EPA is a federal agency headquartered in Washington, DC whose stated mission is to "protect human health and the environment."

3

## JURISDICTION AND VENUE

11)     This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action

is brought in the District of Columbia, and under 28 U.S.C. § 1331 because the

resolution of disputes under FOIA presents a federal question.

12)     Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §

1391(e) because Plaintiff resides in the District of Columbia, and Defendant is an

agency of the United States.

## FACTUAL BACKGROUND

13)     This lawsuit seeks to compel EPA to respond fully and completely to a FOIA

request dated June 10, 2014, seeking certain records, specifically stating that:

> I am requesting a copy of all email over a particular period of time
> between Messrs. Goo and Barron, and that contain in the email subject
> line, body, or email attachment the words "GHG" (or "GHGs"), and/or
> "greenhouse" and/or "plant" (or "plants").The emails I seek will have
> been sent by either Mr. Goo or Mr. Barron to the other, whether as the
> primary recipient, visibly copied, or blind copied; this is without regard
> to whether anyone else is copied on the correspondence or at any point
> in the email thread and, when the email is part of an email thread, I also
> request all of that thread, as part of the record.  I am interested in email
> sent over the following one year (if non-consecutive) period: 1) from
> April 1, 2011 through October 1, 2011, and also 2) from March 2012
> through August 2012 (both inclusive).

14)     Plaintiff's June 10, 2014, request asked that EPA waive processing and copying

fees pursuant to 5 U.S.C. §552(a)(4)(A)(iii), as being in the public interest, noting

that he had no commercial interest in the material, that he intended to write in the

public interest, and was a member of a law journal.  Plaintiff also stated that, in the

event EPA denied the fee waiver request, then the Plaintiff was "willing to pay up

to $100.00."

15)    On June 17, 2014, EPA acknowledged Plaintiff's request with an adapted form

letter sent by email and signed by National FOIA Officer Larry Gottesman and

assigning the request tracking number EPA-HQ-2014-007293.  The letter denied

Plaintiff's request for a fee waiver on the grounds that he had not expressed a

specific intent to disseminate the information.  The letter stated that EPA's Office

of Policy would contact Plaintiff to process his request.

16)    The same letter further stated that EPA placed Plaintiff in the "other" category for

fees, subjecting Plaintiff to fees after the first two hours and 100 pages of

documents.  However, the letter provided no fee estimate but instead only stated

that " if the estimated costs exceed $25.00, the Office of Policy will contact [the

Plaintiff]."

17)    The Office of Policy never contacted Plaintiff concerning fees or processing

Plaintiff's request, and never produced any records responsive to the request.

18)    5 U.S.C. § 552(6)(A) states in part, "In denying a request for records, in whole or

in part, an agency shall make a reasonable effort to estimate the volume of any

requested matter the provision of which is denied, and shall provide any such

estimate to the person making the request," nor a estimated fee which is required

under 40 C.F.R. § 107(e), which states in part, that, "When the Agency determines

or estimates that the fees to be charged under this section will amount to more than

$25.00, the Agency *will notify the requester of the actual or estimated amount of*

*the fees*…" (*emphasis added*). In fact, EPA's communication did not make any

estimate of documents at all, nor of the fees it would charge to produce them.

19)    Defendant's only other correspondence to Plaintiff was another version of the same

       adapted form letter, sent the same day also by email, from Office of the

       Administrator official Jonathan Newton.

20)    On that same day, June 17, 2014, Plaintiff responded to these letters by electronic

       mail, to the same two email addresses from which they were sent.  In this

       communication, Plaintiff specifically noted that because EPA's response did not

       complete EPA's statutory duty under 5 U.S.C. § 552(6)(A) or 40 C.F.R. § 107(e) to

       provide an estimate of fees that would allow the request to proceed, FOIA's

       statutory time periods were not tolled, and requesting again the required estimates

       within the statutorily allotted time under 5 U.S.C. § 552(6)(A).

21)    Defendant EPA has not communicated further with Plaintiff since Plaintiff

       reminded EPA that he could not agree to fees without EPA providing an estimate.

## LEGAL ARGUMENTS

### Defendant EPA Owed and Has Failed to Provide Plaintiff a Response to His Request

22)    FOIA requires covered agencies to respond to a FOIA request within twenty

       business days from the date of receipt of such a request. It must rise to the level

       of  indicating "that the agency is exercising due diligence in responding to the

       request...Upon any determination by an agency to comply with a request for

       records, the records shall be made promptly available to such person making such

       request." (5 U.S.C. § 552(a)(6)(C)(i)). This deadline elapsed on July 9, 2014

       without any response from the Defendant.

23)     An agency response must reflect that the agency is beginning to process the

        request. *See*, *e.g.*, *Oglesby v. U.S. Dep't of Army*, 920 F. 2d 57.  Examples include

        informing a requester that it assigned the request(s) to the simple, normal or

        complex processing tracks and giving notice that it is reviewing some quantity of

        records with an eye toward production on some estimated schedule. *See*

        *generally*, *Citizens for Responsibility and Ethics in Washington v. Federal*

        *Election Commission*, 839 F. Supp. 2d 17, 25 (D.D.C. 2011).

24)     Defendant EPA has not provided the required information to allow Plaintiff to

        agree to fees, a substantive response of any kind, or otherwise demonstrated any

        intention to process Plaintiff's request, or sought and made its case for an

        extension of time to respond to Plaintiff's request as required when "exceptional

        circumstances" exist.

**EPA Waived Any Ability to Seek Fees, By Failing to Substantively Respond**

25)     EPA did not provide Plaintiff with an estimate of documents that the Agency may

        hold, as required under 5 U.S.C. § 552(a)(6)(F), which states in part, "In

        denying a request for records, in whole or in part, an agency shall make a

        reasonable effort to estimate the volume of any requested matter the provision of

        which is denied, and shall provide any such estimate to the person making the

        request. . .", nor did it provide Plaintiff with a fee estimate as required under 40

        C.F.R. § 107(e), which states in part, that, "When the Agency determines or

        estimates that the fees to be charged under this section will amount to more than

        $25.00, the Agency will notify the requester of the actual or estimated amount

7

of the fees…"

26)     Instead, Defendant frustrated Plaintiff's request by insisting that Plaintiff give

assurance of payment before Defendant would conduct its search, while also

refusing to provide a fee estimate for Plaintiff to agree to or appeal.

27)     EPA has yet to provide Plaintiff any responsive records or any substantive

response to his request for a fee estimate.

28)     EPA owed Plaintiff a substantive response on or before July 9, 2014 under 5 U.S.C.

§ 552(a)(6)(A)(i), and it did not respond within the statutorily required deadline.  It

has still yet to provide any required response to Plaintiff's request after more than

five months.

29)     EPA has thus constructively denied the request for records, and has waived any

ability to charge fees under 5 U.S.C. § 552(a)(4)(A)(viii), by failing to provide a

substantive response to Plaintiff's request within 20 days as required by 5 U.S.C.

§ 552(a)(6)(A)(i).

30)     In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) the U.S.

District Court for the District of Columbia noted, "An additional effect of the 2007

Amendments was to impose consequences on agencies that do not act in good faith

or otherwise fail to comport with FOIA's requirements. *See* S. Rep. No. 110-59. To

underscore Congress's belief in the importance of the statutory time limit, the 2007

Amendments declare that '[a]n agency shall not assess search fees . . . if the agency

fails to comply with *any time limit*' of FOIA." (Emphasis added by *Bensman* Court).

That is, the amendments were created to prevent precisely the kind of behavior that

the EPA is engaging in, refusing to conduct a search until they have received

assurance of payment, but refusing to give a fee estimate that Plaintiff could agree to

or appeal.  By engaging in this conduct and not abiding by the statutory deadlines,

EPA has waived its ability to assess fees by not following the statutory deadline,

EPA is constructively, and unlawfully denying Plaintiff's request.

31)     With regard to the request at issue in this Complaint, Defendant EPA waived its

ability to assess fees under 5 U.S.C. § 552(a)(6)(A)(viii) by missing the

statutory deadline, rendering the question of fees moot.

### Having Failed to Properly Respond to Plaintiff's Request, Defendant EPA Owes Plaintiff Responsive Records Subject to Legitimate Withholdings

32)     FOIA provides that a requesting party is entitled to a substantive agency response

within twenty working days, affirming the agency is processing the request and

intends to comply.  It must rise to the level of indicating "that the agency is

exercising due diligence in responding to the request...Upon any determination by

an agency to comply with a request for records, the records shall be made promptly

available to such person making such request." 5 U.S.C. § 552(a)(6)(A)(i). See,

e.g., *Shermco Industries v. Secretary of the U.S. Air Force*, 452 F. Supp. 306 (N.D.

Tex. 1978).

33)     EPA owed Plaintiff a substantive response to its request for information by July 9,

2014.

34)     EPA failed to substantively respond to Plaintiff's request within the statutorily

allotted time.

9

35)    Thus, since it has failed to provide an estimate of documents, and frustrate

Plaintiff's attempts to further process his request by failing to provide an estimate

of documents or a fee estimate within the allotted time, EPA must now provide

Plaintiff records responsive to its request and cannot charge Plaintiff any fees.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment**

36)    Plaintiff re-alleges paragraphs 1-35 as if fully set out herein.

37)    FOIA requires all doubts to be resolved in favor of disclosure. It allows the

citizenry to learn "what their government is up to." *NRA v. Favish* 541 U.S. 157,

171 (quoting *U.S. Dept. of Justice v. Reporters Committee for Freedom of the*

*Press*, 489 U.S. 749, 773 (1989)).

38)    Plaintiff has sought and been denied production of responsive records reflecting

the conduct of official business through Defendant's failure to respond.

39)    Plaintiff has sought and been denied a waiver of his fees through Defendant's

failure to respond.

40)    Plaintiff has a statutory right to the information he seeks.

41)    Plaintiff asks this Court to enter a judgment declaring that

i.  Defendant failed to provide a proper response to Plaintiff's request for

records HQ-2014-007293, and has thereby statutorily waived fees;

ii. EPA has improperly refused to provide a fee estimate within the statutory

deadline and in so doing has statutorily waived fees.

iii.  EPA records as described in Plaintiff's request EPA-HQ-2014-007293,

are public records subject to release under FOIA;

iv. EPA's refusal to produce the requested records is unlawful.

## SECOND CLAIM FOR RELIEF
### Injunctive Relief

42)   Plaintiff re-alleges paragraphs 1-41 as if fully set out herein.

43)   Plaintiff is entitled to injunctive relief compelling Defendant to produce all records in its possession responsive to Plaintiff's FOIA request, without fees, subject to legitimate withholdings.

44)   Plaintiff asks this Court to order Defendant to produce to Plaintiff, within 10 business days of the date of the order, the requested records described in Plaintiff's FOIA request HQ-2014-007293, and any attachments thereto, subject to legitimate withholdings.

45)   Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after Plaintiff receives the last of the produced documents, addressing Defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with Plaintiff's challenges to Defendant's withholdings, if any, and any other remaining issues.

46)   Plaintiff asks the Court to enter an injunction ordering the defendant to either grant Plaintiff's fee waiver in request HQ-2014-007293 within 10 business days of the date of the order, or to not seek fees for this request.

## THIRD CLAIM FOR RELIEF
### Seeking Costs and Fees

47)     Plaintiff re-alleges paragraphs 1-46 as if fully set out herein.

48)     Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States

reasonable attorney fees and other litigation costs reasonably incurred in any case

under this section in which the complainant has substantially prevailed.

49)     Plaintiff is statutorily entitled to recover fees and costs incurred as a result of

Defendant's refusal to fulfill the FOIA request at issue in this case.

50)     Plaintiff asks the Court to order Defendant to pay reasonable attorney fees and other

litigation costs reasonably incurred in this case.

Respectfully submitted this 17th day of November, 2014,


_____/s/_____

Christopher C. Horner
D.C. Bar No. 440107
1489 Kinross Lane
Keswick, VA 22947
(202) 262-4458
CHornerLaw@aol.com

David W. Schnare
D.C. Bar No.
9033 Brook Ford Road
Burke, VA 22015
(571) 243-7975
SchnareFME@gmail.com

FREE MARKET ENVIRONMENTAL LAW CLINIC
ATTORNEYS FOR PLAINTIFF